IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joanne Hardik,　　　　　　　　　　　　 :
　　　　　　　　　 Petitioner　　　 :
　　　　　　　　　　　　　　　　　　 :
　　　　 v.　　　　　　　　　　　　 : No. 385 C.D. 2022
　　　　　　　　　　　　　　　　　　 : Submitted: March 24, 2023
Community Health Systems (Workers'　 :
Compensation Appeal Board),　　　　 :
　　　　　　　　　 Respondent　　　 :

BEFORE:　　HONORABLE CHRISTINE FIZZANO CANNON, Judge
　　　　　　　HONORABLE ELLEN CEISLER, Judge
　　　　　　　HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS　　　　　　　　　　　　　　FILED: May 17, 2023


　　　　Joanne Hardik (Claimant) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ). The WCJ granted a petition to modify compensation benefits filed by Community Health Systems (Employer). In this appeal, Claimant challenges as unconstitutional the retroactive application of Act 111,[1] which altered the criteria for modification of a claimant's benefits based on the results of an impairment rating evaluation (IRE). Upon review, this case is controlled by *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Co.)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), in which this Court previously rejected similar claims. Thus, we affirm.

---

[1] Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Act 111 repealed Section 306(a.2) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, and added Section 306(a.3), 77 P.S. § 511.3.

# I. BACKGROUND

On July 11, 2013, Claimant suffered a work-related injury, which aggravated preexisting injuries to her back and resulted in total disability benefits. On March 12, 2021, Employer filed a modification petition alleging that Claimant's benefit status must be modified from total to partial based upon a February 25, 2021 IRE by Dr. Michael Wolk.

The WCJ held a hearing, following which Employer introduced the deposition testimony of Dr. Wolk and the IRE. Notes of Testimony (N.T.) Hr'g, 7/13/21, at 8. Dr. Wolk stated that Claimant had a whole-body impairment rating of 27% and that she had reached maximum medical improvement (MMI). N.T. Wolk Dep., 7/6/21, at 11-12. Dr. Wolk performed the IRE under the Sixth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides). *Id.* at 12. Claimant did not present any testimony and stated that she would only be challenging the constitutionality of Act 111. N.T. Hr'g, 7/13/21, at 6-7; N.T. Hr'g, 4/13/21, at 7.

The WCJ held that Employer established that Claimant had reached MMI and had a whole-body impairment of 27%. WCJ's Op., 3/23/22, at 6. Thus, the WCJ granted Employer's petition, modifying Claimant's benefit to partial disability status effective February 25, 2021. Claimant appealed to the Board, which affirmed. *See* Bd. Op. & Order, 3/23/22. Claimant timely petitioned this Court for review.

## II. ISSUES[2]

Claimant contends that retroactive application of Act 111 to her pre-Act 111 injury is unconstitutional. Claimant's Br. at 11. In support, Claimant reasons she has a vested right to WC benefits, which cannot be retroactively altered by law. *Id.* at 11-12. In Claimant's view, Act 111's retroactive application deprived her of the right to vested benefits and limited her total payments. *Id.* at 12, 15. Claimant assails *Pierson* as flawed because it held that Act 111 did not alter any substantive rights. *Id.* at 15-16. In support, Claimant alleges that *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629, 647 (Pa. 2020) (*Dana*), undermined *Pierson's* holding because the *Dana* Court "specifically held that Act 111 altered a substantive right to benefits." *Id.* at 16. Claimant also argues that Act 111 lacks "sufficiently specific language to make the law retroactive." *Id.* at 20.[3]

## III. DISCUSSION

In 2018, the General Assembly passed Act 111, which authorizes the use of an IRE to determine a claimant's disability status.[4] Among its provisions, Section 306(a.3), the employer may require a claimant to submit to an IRE after receiving 104 weeks of total disability compensation. Section 306(a.3) expressly adopted the Sixth Edition of the AMA Guides (second printing April 2009) as the basis for a

---

[2] In a workers' compensation appeal, our review is limited to determining whether an error of law was committed, whether constitutional rights were violated, and whether necessary findings of fact are supported by substantial evidence. *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019) (citation omitted).

[3] Employer rejects these claims, asserting that Act 111 is constitutional and applies retroactively. *See* Employer's Br. at 11-15 (citing in support, *inter alia*, *Pierson*). Further, Employer reasons that the holding of *Dana* was limited to cases pending on appeal when our Supreme Court issued *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017). *Id.* at 16. Employer argues that *Pierson* rejected Claimant's argument that Act 111 could not apply retroactively. *Id.* at 17-18.

[4] Prior law governing the IRE process was deemed an unconstitutional delegation of legislative authority. *Protz*, 161 A.3d at 841.

3

qualified physician's IRE, and it set the threshold required for a total disability status at 35% whole-body impairment. *Id.*[5] If a claimant's impairment rating is less than 35%, then the claimant shall be considered partially disabled.[6]

In *Pierson*, this Court determined that Act 111 did not deprive claimants of a vested right but "simply provided employers with the means to change a claimant's disability status from total to partial by providing the requisite medical evidence that the claimant has a whole[-]body impairment of less than 35%, after receiving 104 weeks of [total temporary disability] benefits." *Pierson*, 252 A.3d at 1179. Further, the General Assembly granted employers/insurers credit for the weeks of disability compensation paid to an injured employer prior to the passage of Act 111. *Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551, 561-62 (Pa. Cmwlth. 2020); *see also* Section 3(1) of Act 111 ("[A]n insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph."), Section 3(2) of Act 111 ("[A]n insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph."). Therefore, the employer credit provision was "explicitly given retroactive effect . . . by the General Assembly." *Pierson*, 252 A.3d at 1180.

Our analysis in *Pierson* is dispositive here. Claimant, like the claimant in *Pierson*, sustained her work-related injury before the passage of Act 111. *See Pierson*, 252 A.3d at 1171. Employer, like the employer in *Pierson*, sought to modify Claimant's benefits based on an IRE obtained after the Act's effective date. *See id.*

---

[5] In *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 317 (Pa. Cmwlth. 2019), *aff'd*, (Pa., No. 88 MAP 2019, filed August 18, 2020) (*per curiam*), this Court determined that Section 306(a.3) of the Act does not constitute an unconstitutional delegation of legislative authority because the General Assembly named and adopted a particular set of standards as its own.

[6] A change in disability status does not alter the amount of compensation received by a claimant but limits the receipt of benefits to 500 weeks. *See* Section 306(b) of the Act, 77 P.S. § 512(1).

at 1172. Claimant, like the claimant in *Pierson*, challenges the retroactivity of the employer credit provision of Act 111 and asserts a vested right in her disability benefits. *See id.* at 1175. To the extent Claimant contends that *Dana* undermined *Pierson*, Claimant is mistaken. As Employer correctly observed, the issue before the *Dana* Court was whether *Protz* should apply only to cases then-pending on direct appeal. *See Dana*, 232 A.3d at 636; *see also Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582, 604 (Pa. 2012) (cautioning against cherry-picking phrases out of context). Because *Pierson* post-dated *Dana*, the validity of *Pierson's* analysis was simply not before the *Dana* Court. Therefore, based on our reasoning in *Pierson*, we reject Claimant's arguments. *Accord DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 438 (Pa. Cmwlth. 2022), *appeal denied*, 290 A.3d 237 (Pa. 2023); *Force v. Cmwlth. of Pa. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 63 C.D. 2022, filed Nov. 10, 2022); *Wescoe v. Fedchem, LLC (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1010 C.D. 2021, filed Aug. 16, 2022); *Sochko v. Nat'l Express Transit Serv. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2021, filed Mar. 16, 2022); *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed Feb. 15, 2022); *Dohn v. Beck n' Call (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 103 C.D. 2021, filed Sept. 20, 2021).[7]

Thus, we affirm.

LORI A. DUMAS, Judge

---

[7] We cite unreported opinions for their persuasive value. *See* Pa.R.A.P 126(b)(1); 210 Pa. Code § 69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joanne Hardik,                          :
                    Petitioner          :
                                        :
          v.                            :    No. 385 C.D. 2022
                                        :
Community Health Systems (Workers'      :
Compensation Appeal Board),             :
                    Respondent          :

# **O R D E R**

AND NOW, this 17ᵗʰ day of May, 2023, the order of the Workers' Compensation Appeal Board, entered March 23, 2022, is AFFIRMED.

_____
LORI A. DUMAS, Judge